IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA § § § | |
| v. § § § § | Criminal No. 1:22-cr-124-HSO-RPM-1 |
| AXEL CHARLES COX § | |

**ORDER DENYING WITHOUT PREJUDICE DEFENDANT AXEL CHARLES COX'S MOTION [37] FOR COMPASSIONATE RELEASE**

Defendant Axel Charles Cox seeks compassionate release from incarceration with the Bureau of Prisons under 18 U.S.C. § 3582, *see* Mot. [37], which the Government opposes, *see* Resp. [38]. Because Cox has failed to exhaust his administrative remedies, his Motion [37] should be denied without prejudice.

I. BACKGROUND

A. Cox's Conviction and Sentence

Pursuant to a Plea Agreement [28] with the Government, on December 1, 2022, Defendant Axel Charles Cox ("Defendant" or "Cox") pleaded guilty to Count 1 of the Indictment [1] in this case, Plea Agreement [28] at 1, which charged that he "by force and threat of force, willfully intimidate[d] and interfere[d] with, and attempt[ed] to intimidate and interfere with, his Black neighbors . . . because of their race and color and because they were renting and occupying a dwelling . . ." in violation of 41 U.S.C. § 3631, Indictment [1] at 1. The charge carried a maximum

statutory term of imprisonment of ten (10) years. *See* Notice [1-1]; PSR [32] at 25 (filed under seal).

To assist the Court in sentencing, the United States Probation Office (the "Probation Office") prepared a Presentence Investigation Report ("PSR"). *See* PSR [32] (filed under seal). "Based upon a total offense level of 13 and a criminal history category of V, the guideline imprisonment range is 30 months to 37 months." *Id.* at 25. Ultimately, the Court sentenced Defendant to a 42-month term of imprisonment, J. [36] at 2, three years of supervised release, *id.* at 3, restitution in the amount of $7,810.00, *id.* at 6, and a $100.00 special assessment fee, *id.*

Defendant is now 27 years old and is currently incarcerated at United States Penitentiary ("USP") Beaumont in Beaumont, Texas. *See* Mot. [37] at 1; PSR at 2 (filed under seal). With a projected release date of January 22, 2028, he has served approximately 25% of his term of imprisonment. *See* J. [36] at 2; Bureau of Prisons ("BOP") Inmate Locator, https://www.bop.gov/inmateloc/ (stating "Release Date" 1/22/2028 for Axel Charles Cox, Register Number: 23034-510) (last visited Dec. 8, 2025).

B.  Cox's Request for Compassionate Release

Proceeding pro se, on October 24, 2025, Defendant filed the present Motion [37] for Home Confinement, which the Court construes as a request for compassionate release under 18 U.S.C. § 3582. *See* Mot. [37]. Defendant argues that he should be released so that he can care for his ailing parents. Mot. [37] at 1-2. He claims that his mother has COPD and his stepfather is dealing with heart

problems. *Id.* at 2. He further maintains that he has learned important trade skills and would be a productive member of society if released. *Id.*

The Government opposes the Motion [37], arguing that Defendant failed to petition the BOP for release and exhaust his administrative remedies. *See* Resp. [38] at 6-7. The Government further argues that even if Defendant has properly exhausted his administrative remedies, he has not shown any extraordinary and compelling reasons warranting early release, and that the factors set forth at 18 U.S.C. § 3553(a) weigh against it. *Id.* at 7-16.

## II. DISCUSSION

### A. Relevant Legal Authority

18 U.S.C. § 3582(b) provides that a judgment of conviction constitutes a final judgment, although it can be modified pursuant to the provisions of 18 U.S.C. § 3582(c). At issue in this case is a requested modification under § 3582(c)(1)(A)(i), which states in relevant part as follows:

> The court may not modify a term of imprisonment once it has been imposed except that—
> (1) in any case—
> (A) the court, upon motion of the Director of the Bureau of Prisons, or *upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier,* may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that--

>   (i)   extraordinary and compelling reasons warrant such a reduction . . . .

18 U.S.C. § 3582(c)(1)(A)(i) (emphasis added).

This statute provides "two routes a defendant's motion can follow to be properly before the court. Both routes begin with the defendant requesting that 'the Bureau of Prisons' 'bring a motion on the defendant's behalf.'" *United States v. Franco*, 973 F.3d 465, 467 (5th Cir. 2020) (quoting 18 U.S.C. § 3582(c)(1)(A)). Although the United States Court of Appeals for the Fifth Circuit has found that this procedural requirement is not jurisdictional, it is nevertheless mandatory. *Id.*

B.   Analysis

The Government argues that Defendant has not exhausted his administrative remedies prior to seeking compassionate release, Resp. [38] at 6-7, and it has submitted evidence that the facility at which he is housed has no record of such a request, *see* Attach. [38-1]. Defendant has not filed a reply or otherwise responded to this argument.

The statute requires that a movant first make a request "to bring a motion on the defendant's behalf." 18 U.S.C. § 3582(c)(1)(A); *see United States v. Garrett*, 15 F.4th 335, 338 (5th Cir. 2021) (holding that exhaustion begins with "requesting that the [BOP] bring a motion on the defendant's behalf" (quoting *Franco*, 973 F.3d at 467)). There is no evidence in this case that the Warden ever received a proper request from Defendant or that he fully exhausted his administrative remedies. *See* 18 U.S.C. § 3582(c)(1)(A); *Garrett*, 15 F.4th at 338. Because Defendant has not shown that he exhausted his administrative remedies, his Motion [37] should be

denied for failure to exhaust. *See* 18 U.S.C. § 3582(c)(1)(A); *Franco*, 973 F.3d at 467; *see also, e.g., United States v. Taylor*, 855 F. App'x 975 (5th Cir. 2021) (per curiam) (affirming district court denial of compassionate release for failure to exhaust when movant offered only conclusory assertions that he met exhaustion requirement, and the supporting proof that movant had offered in the district court, which was warden's letter denying a request for home confinement, did not show that the movant had asked the BOP to seek compassionate release on his behalf as required).

### III. CONCLUSION

To the extent the Court has not specifically addressed any of the parties' remaining arguments, it has considered them and determined that they would not alter the result.

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that, Defendant Axel Charles Cox's Motion [37] for Compassionate Release under 18 U.S.C. § 3582 is **DENIED WITHOUT PREJUDICE** for failure to exhaust.

**SO ORDERED AND ADJUDGED**, this the 9th day of December, 2025.

*s/ Halil Suleyman Ozerden*
HALIL SULEYMAN OZERDEN
CHIEF UNITED STATES DISTRICT JUDGE